UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN SINTIGO, | Case No.: 2:19-cv-00465-APG-VCF |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 36] |
| MICHAEL POMPEO, et al., | |
| Defendants | |

Susan Sintigo, a United States citizen, sues various government officials and entities alleging that her right to due process under the Fifth Amendment was violated when the United States Citizenship and Immigration Service (USCIS) denied a visa for her husband. I previously denied the defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Sintigo filed an amended complaint, which the defendants now move to dismiss. The defendants argue that the doctrine of consular nonreviewability precludes judicial review of the visa denial and that Sintigo does not allege that the visa was refused in bad faith. I grant the motion to dismiss because the consular officer provided a facially legitimate and bona fide reason to support the visa denial, and Sintigo did not plead any facts that suggest the consular officer acted in bad faith.

I. BACKGROUND

Sintigo seeks a visa for her foreign national spouse. ECF No. 33 at 2. She filed a Form I-130 Petition for her husband, which the USCIS approved. *Id.* at 3. Her husband then appeared at an interview arranged by the United States Consulate in San Salvador, but the consular officer denied his visa. *Id.* at 3-4. Sintigo alleges that "[a]t that interview, in a letter dated February 8,

2019, Plaintiff was denied an immigrant visa to the United States because he had tattoos on his body." *Id.*

Sintigo alleges that the "reason for the denial does not comport with any legitimate inadmissibility" criteria under the Immigration and Nationality Act (INA). *Id.* at 4. She also alleges that the consular officer's decision to deny her husband's visa violates her "right of equal protection secured by the due process clause of the Fifth Amendment." *Id.* at 2. Sintigo seeks declaratory relief that she can petition for her husband to become a permanent resident of the United States. *Id.* at 5. She alleges that she has suffered financial and other burdens because of this "unsettled state of affairs." *Id.*

The consular officer's February letter cites to § 212(a)(3)(A)(ii) of the INA, which is codified at 8 U.S.C. § 1182(a)(3)(A)(ii). The defendants argue that this citation demonstrates a facially legitimate and bona fide reason for the visa refusal. They contend that the burden shifted to Sintigo to allege bad faith on the consular officer's part, but she failed to do so. Sintigo responds that the consular officer refused her husband's visa because he has tattoos, which she argues is not a facially legitimate reason because simply having tattoos cannot form the basis of inadmissibility under the INA.

## II.  DISCUSSION

I employ a two-step approach when evaluating a complaint's sufficiency on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). I must first accept as true all well-pleaded factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient. *Id.* I must then consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679.

A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for alleged misconduct. *Id.*

"[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986). "Despite these rulings, 'courts have identified a limited exception to the doctrine of consular nonreviewability where the denial of a visa implicates the constitutional rights of American citizens.'" *Andrade-Garcia v. Lynch*, 828 F.3d 829, 834 (9th Cir. 2016) (quoting *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008)) (alteration omitted). That exception is based on *Kleindienst v. Mandel*, 408 U.S. 753 (1972). *Bustamante*, 531 F.3d at 1061. "[U]nder *Mandel*, a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision." *Id.* at 1062. "[J]udicial review of a denial that implicates a constitutional right is limited to ensuring that the decision was supported by a facially legitimate and bona fide reason." *Cardenas v. United States*, 826 F.3d 1164, 1167 (9th Cir. 2016) (quotation omitted).

There are two requirements to satisfy "the facially legitimate and bona fide reason test." *Id.* at 1172. "First, the consular officer must deny the visa under a valid statute of inadmissibility." *Id.* (citation omitted). "Second, the consular officer must cite an admissibility statute that 'specifies discrete factual predicates the consular officer must find to exist before denying a visa,' or there must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." *Id.* (quoting *Kerry v. Din*, 576 U.S. 86, 105 (2015) (Kennedy, J., concurring)). If the government satisfies that test, the plaintiff then "has the burden of proving that the reason was not bona fide by making an 'affirmative showing of bad

faith on the part of the consular officer who denied [ ] a visa.'" *Id.* (quoting *Din*, 576 U.S. at 105).

### A. Facially Legitimate and Bona Fide Reason

The defendants attached as exhibits to their motion two letters: one dated February 8, 2019 and another dated August 23, 2019. ECF No. 36-1 at 11, 6. I cannot look to documents outside of the complaint on a motion to dismiss for failure to state a claim, but I can consider documents that the complaint necessarily relies on as long as their authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted). The amended complaint does not reference or rely on the August letter, which the defendants attached without explaining why I may consider it. The amended complaint relies on only the February letter, and its authenticity is not contested. Therefore, I will consider only the February letter.

The February letter provides a facially legitimate and bona fide reason for the denial. In the letter, the consular officer informed Sintigo's husband that he is "permanently ineligible to obtain an immigrant visa," citing § 212(a)(3)(A)(ii) of the INA, which "applies to any alien who a consular officer or the secretary of the Department of National Security knows, or has reasonable grounds to believe, seeks to enter the United States to engage solely, principally, or incidentally in any unlawful activity." ECF No. 36-1 at 11 (emphasis omitted). Because this is a valid statutory basis for inadmissibility, the reason for denial is facially legitimate. *Cardenas*, 826 F.3d at 1172. And the reason is bona fide because the provision cited, 8 U.S.C. § 1182(a)(3)(A)(ii), is "an admissibility statute that 'specifies discrete factual predicates the consular officer must find to exist before denying a visa[.]'" *Cardenas*, 826 F.3d at 1172 (quoting *Din*, 576 U.S. at 105); *see also Din*, 576 U.S. at 105 (analyzing a similar provision, § 1182(a)(3)(B), as one that specifies discrete factual predicates).

4

### B. Bad Faith

When the consular officer gives a facially legitimate and bona fide reason for the denial, the plaintiff must then prove the reason was not bona fide through an affirmative showing of the consular officer's bad faith. *Cardenas*, 826 F.3d at 1172 (citation omitted). Consequently, to state a plausible claim, the plaintiff must "allege that the consular official did not in good faith believe the information he had. It is not enough to allege that the consular official's information was incorrect." *Bustamante*, 531 F.3d at 1062-63. If the plaintiff has not adequately alleged bad faith, I may not "'look behind' the Government's exclusion . . . for additional factual details beyond what its express reliance on [the cited inadmissibility statute] encompassed." *Din*, 576 U.S. at 105 (quotation and citation omitted).

The amended complaint does not sufficiently allege bad faith. Sintigo alleges that the consular officer refused her husband's visa because he had tattoos. ECF No. 33 at 3-4. But she does not adequately allege that "the consular officer did not in good faith believe the information he had[ ]" or that he "acted upon information [he] knew to be false." *Bustamante*, 531 F.3d at 1062-63.

Sintigo also alleges that the consular officer provided no explanation for the visa denial. ECF No. 33 at 4. But as previously explained, "the Government satisfied any obligation it might have had to provide . . . a facially legitimate and bona fide reason for its action." *Din*, 576 U.S. at 106. Under *Mandel*'s limited inquiry, Sintigo's argument that the consular officer was wrong about her husband's involvement with a known criminal organization is insufficient to establish bad faith. I therefore grant the defendants' motion to dismiss the amended complaint without prejudice. Sintigo may amend to allege bad faith if facts exist to do so. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("[A] district court must give plaintiffs at

least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile.").

### C. Declaratory Judgment Act and Administrative Procedure Act

The defendants seek dismissal of Sintigo's claims to the extent she seeks relief under the Declaratory Judgment Act (DJA) or the Administrative Procedure Act (APA). Neither the DJA nor the APA confers subject matter jurisdiction in this case. *Allen v. Milas*, 896 F.3d 1094, 1099, 1108 (9th Cir. 2018) (citations omitted). Accordingly, I grant the defendants' motion to dismiss on this basis.

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss (**ECF No. 36**) **is GRANTED**. Plaintiff Susan Sintigo may file an amended complaint by May 17, 2021.

DATED this 16th day of April, 2021.

                                                _____
                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE