UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN SINTIGO,<br><br>    Plaintiff<br><br>v.<br><br>ANTONY BLINKEN, et al.,<br><br>    Defendants | Case No.: 2:19-cv-00465-APG-VCF<br><br>**Order Granting Defendants' Motion to Dismiss**<br><br>[ECF No. 44] |

United States citizen Susan Sintigo sues various government officials and entities, alleging in her second amended complaint that United States Citizenship and Immigration Services (USCIS) violated her constitutional rights of due process and equal protection when it denied a visa for her husband. She also alleges that 8 U.S.C. § 1182(a)(3)(A)(ii) is unconstitutionally vague and the visa denial violates the separation of powers. Sintigo also seeks review of the visa denial under the Administrative Procedure Act (APA).

I previously granted the defendants' motion to dismiss the due process claim because Sintigo failed to plead any facts that suggested the consular officer acted in bad faith. Sintigo filed a second amended complaint. The defendants again move to dismiss, arguing that Sintigo has not plausibly alleged that the consular officer denied the visa in bad faith and she has been given all process that is due.

At a hearing on November 10, 2021, Sintigo withdrew her separation of powers claim. I grant the motion to dismiss the due process and equal protection claims with prejudice because Sintigo again failed to plead facts that plausibly suggest the consular officer acted in bad faith and she has repeatedly failed to cure deficiencies in her amended complaints. I also grant the

motion to dismiss the void-for-vagueness claim because Sintigo has not plausibly alleged that the statute is unconstitutionally vague. I grant Sintigo leave to amend that claim only.

I. **BACKGROUND**

Sintigo seeks a visa for her foreign national spouse. ECF No. 43 at 2. She filed a visa petition for her husband, which the USCIS approved. *Id.* at 3-4. Her husband then appeared at an interview arranged by the United States Consulate in San Salvador. *Id.* at 2. Sintigo's husband was asked if he knew someone named Fercho Olla. *Id.* Sintigo's husband responded that his brother's cousin is named Frecho[1] "Fernando" Olla, but he had not seen Olla in a long time. *Id.* The consular officer informed Sintigo's husband that because his tattoos were "similar gang tattoos to Olla's tattoos," the consular officer was going to investigate him. *Id.* The officer denied the visa in a letter dated February 8, 2019. *Id.* at 4. The letter states the denial is based on § 212(a)(3)(A)(ii) of the Immigration and Naturalization Act (INA), which is codified at 8 U.S.C. § 1182(a)(3)(A)(ii). ECF No. 44-1 at 11. That statute provides that "[a]ny alien who a consular officer . . . has reasonable grounds to believe[] seeks to enter the United States to engage . . . in any . . . unlawful activity . . . is inadmissible."

Sintigo alleges constitutional violations of her substantive and procedural due process and equal protection rights. *See* ECF No. 43 at 3-4, 6. According to the second amended complaint, the consular officer's decision to deny the visa lacked a facially legitimate and bona fide reason because "it appears that the consular officer refused to consider . . . strong evidence" that Sintigo's husband was not a gang member. *Id.* at 9. Sintigo alleges the consular officer denied the visa in bad faith because he could not reasonably believe that her husband's tattoos made him inadmissible under the law. *Id.* at 4. She seeks declaratory relief that she can petition

---

[1] The complaint refers to both "Fercho" and "Frecho" Olla, so I use both spellings here.

for her husband to become a permanent resident of the United States. *Id.* at 5.  Sintigo also alleges the State Department should have provided her husband with "a more thorough explanation for the visa denial." *Id.* at 8.  She states that the visa denial is arbitrary and capricious, and she seeks judicial review under the APA. *Id.* at 4-5.  She also claims that 8 U.S.C. § 1182(a)(3)(A)(ii) is unconstitutionally vague. *Id.* at 7.

## II.     DISCUSSION

I employ a two-step approach when evaluating a complaint's sufficiency on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  I must first accept as true all well-pleaded factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient. *Id.*  I must then consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for alleged misconduct. *Id.*

Congress has "virtually complete" power over the admission of aliens. *Li Hing of Hong Kong, Inc. v Levin*, 800 F.2d 970, 970 (9th Cir. 1986).  "When Congress delegates this plenary power to the Executive, the Executive's decisions are likewise generally shielded from administrative or judicial review." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 834 (9th Cir. 2016). "[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Li Hing*, 800 F.2d at 971.  "Despite these rulings, 'courts have identified a limited exception to the doctrine of consular nonreviewability where the denial of a visa implicates the constitutional rights of American citizens.'" *Andrade-Garcia*, 828 F.3d at 834 (quoting *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008))

(alteration omitted).  That limited exception is based on *Kleindienst v. Mandel*, 408 U.S. 753 (1972). *Bustamante*, 531 F.3d at 1061.  "[U]nder *Mandel*, a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision." *Id.* at 1062.  "[J]udicial review of a denial that implicates a constitutional right is limited to ensuring that the decision was supported by a facially legitimate and bona fide reason." *Cardenas v. United States*, 826 F.3d 1164, 1167 (9th Cir. 2016) (quotation omitted).  If there is a facially legitimate and bona fide reason for the denial, the plaintiff must prove "the reason was not bona fide by making an 'affirmative showing of bad faith on the part of the consular officer who denied [] a visa.'" *Id.* at 1172 (quoting *Kerry v. Din*, 576 U.S. 86, 105 (2015) (Kennedy, J., concurring)).

The deferential *Mandel* standard of review applies to a variety of constitutional claims, including due process and equal protection claims, where a visa denial may burden a citizen's constitutional rights. *Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018); *Bustamante*, 531 F.3d at 1062.  Equal protection is a direction that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982).  Substantive due process protects individual fundamental rights and liberties against government interference. *Washington v. Glucksberg*, 521 U.S. 702, 719-21 (1997).  Procedural due process analysis looks to whether a person has been deprived of a liberty or property interest, and if so, whether the procedures the government followed in carrying out the deprivation were constitutionally sufficient. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

The fundamental right of a citizen to live in America with her spouse has not been conclusively established.² *See Din*, 576 U.S. at 88, 104. But even assuming a citizen spouse's rights are burdened by a consular officer's visa denial, the denial is valid if the officer gives a facially legitimate and bona fide reason and does not act in bad faith. *Id.* at 104. Under those circumstances, substantive and procedural due process requirements and equal protection rights are satisfied. *See Bustamante*, 531 F.3d at 1062; *see also Fiallo v. Bell*, 430 U.S. 787, 794-95 (1977) (applying a form of deferential review akin to *Mandel* to uphold an entry classification that discriminated on the basis of sex and legitimacy).

### A. Facially Legitimate and Bona Fide Reason

To determine whether a consular officer's reason for denying a visa is facially legitimate and bona fide, I look to see whether two requirements are met. First, the consular officer must deny the visa under a valid inadmissibility statute. *Cardenas*, 825 F.3d at 1172. Second, the consular officer must cite a statute that "'specifies discrete factual predicates the consular officer must find to exist before denying a visa' or there must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." *Id.* (quoting *Din*, 576 U.S. at 105).

The defendants attached to their motion the February 8, 2019 consular official's letter. I can consider this letter because the second amended complaint relies on it and Sintigo does not contest its authenticity. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).³ The

---

² In *Bustamante*, the Ninth Circuit held that personal choice in marriage and family life is a fundamental right. 531 F. 3d at 1062. But after *Bustamante*, the plurality in *Din* stated that there is no right of a citizen to live in the United States with her spouse. *Din*, 576 U.S. at 88. The dissenters in *Din* would recognize this as a constitutional interest, while Justice Kennedy's concurring opinion assumed without deciding that the interest exists. *Id.* at 107.

³ The defendants also attach an August 23, 2019 letter and argue that Sintigo relies on it because she refers to the State Department's policies and procedures in her second amended complaint.

5

February letter provides a facially legitimate and bona fide reason, as explained in my order granting the earlier motion to dismiss. ECF No. 41.  Taken together with the allegations in the second amended complaint, there is further support that the consular officer had a facially legitimate and bona fide reason to deny the visa.  Sintigo alleges that the consular officer suspected her husband was a member of a criminal gang and that the consular officer stated he had reason to believe her husband was seeking to enter the United States to engage in "unlawful activity." ECF No. 43 at 8.  The February letter cites § 212(a)(3)(A)(ii) of the INA, codified at 8 U.S.C. § 1182(a)(3)(A)(ii). ECF No. 44-1 at 11.  Because that is a valid statutory basis for inadmissibility, the denial reason is facially legitimate.  And § 1182(a)(3)(A)(ii) "specifies discrete factual predicates" that exist, so the denial reason is bona fide. *Din*, 576 U.S. at 105. Sintigo admits the consular officer found that her husband has tattoos similar to other gang-related tattoos, a finding that "provides at least a facial connection to" unlawful activity. *Id.*

Sintigo alleges that the consular officer refused to consider "strong evidence" that her husband was not a gang member and therefore the consular officer did not have a facially legitimate and bona fide reason for the denial. ECF No. 43 at 9.  Even assuming that a refusal to consider strong evidence is enough to demonstrate a lack of a facially legitimate and bona fide reason,[4] Sintigo has not identified any evidence the consular officer refused to consider.  Therefore, Sintigo has not plausibly alleged that the defendants lacked a facially legitimate and bona fide reason for the visa denial.

---

This does not establish that Sintigo relied on the August letter or that it forms the basis of her claims.  Therefore, I do not consider the August letter.

[4] Sintigo relies on out-of-circuit authority for this argument. ECF No. 43 at 9 (citing *Morfin v. Tillerson*, 851 F.3d 710, 713-14 (7th Cir. 2017)).  Furthermore, the *Morfin* court only suggested that a refusal to consider strong evidence might mean the consular officer did not have a facially legitimate and bona fide reason.

6

B.     **Bad Faith**

When a consular officer gives a facially legitimate and bona fide reason for a visa denial, the plaintiff must then prove the reason was not bona fide through an affirmative showing of the consular officer's bad faith. *Cardenas*, 826 F.3d at 1172 (citation omitted).  To state a plausible claim, the plaintiff must "allege that the consular official did not in good faith believe the information he had" or that he "acted on information [he] knew to be false." *Bustamante*, 531 F.3d at 1062-63.  An allegation that the consular officer's information was incorrect is insufficient to plausibly allege bad faith. *Id.*  If the stated reason for the visa denial is objectively unreasonable, that is a factor to consider in determining "whether the plaintiff has pleaded facts with sufficient particularity to give rise to a plausible inference of subjective bad faith." *Khachatryan v. Blinken*, 4 F.4th 841, 853 (9th Cir. 2021).  If the plaintiff has not adequately alleged bad faith, I may not "look behind the Government's exclusion . . . for additional factual details beyond what its express reliance on [the cited inadmissibility statute] encompassed." *Din*, 576 U.S. at 105 (quotation and citation omitted).

I previously allowed Sintigo to amend her complaint to allege bad faith if facts existed to do so. ECF No. 41.  The second amended complaint fails to sufficiently allege bad faith.  Sintigo does not allege facts that would lead to a reasonable inference that the consular official did not believe the information he had or that he acted on information he knew to be false.  Sintigo admits that her husband has tattoos and that the consular officer found the tattoos were similar to other gang-related tattoos, leading the officer to suspect he was a gang member.  Sintigo's allegations that the State Department should have given a more thorough explanation or that the consular officer was incorrect are insufficient.  It was not objectively unreasonable for the consular official to conclude that Sintigo's husband was ineligible for a visa under

§ 1182(a)(3)(A)(ii) because he has tattoos associated with gang membership. Because the second amended complaint does not plead sufficient facts to give rise to a plausible inference of subjective bad faith, I must dismiss it.

### C.   Administrative Procedure Act

"The APA provides no avenue for review of a consular officer's adjudication of a visa on the merits." *Allen v. Milas*, 896 F.3d 1094, 1108 (9th Cir. 2018). Review of a consular official's visa denial for arbitrariness or capriciousness, lack of substantial evidence, or legal error is not within the province of the judiciary. *Id.* at 1107. The APA does not provide for judicial review in this circumstance. Accordingly, I grant the defendants' motion to dismiss this claim.

### D.   Amendment

Sintigo has been given multiple opportunities to amend her complaint and has failed to cure its deficiencies. Therefore, I dismiss the substantive and procedural due process, equal protection, and APA claims without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (repeated failure to cure deficiencies is a reason to deny leave to amend); *Leadsinger, Inc. v. BMG Music Publi'g*, 512 F.3d 522, 532 (9th Cir. 2008) (district courts may deny leave to amend if amendment would be futile).

### E.   Void-for-Vagueness Claim

Sintigo claims that § 1182(a)(3)(A)(ii) is unconstitutionally vague. ECF No. 43 at 7. A statute is void for vagueness if the challenger was not given fair notice of conduct that would make her subject to the statute or if the statute invites arbitrary enforcement. *Kashem v. Barr*, 941 F.3d 358, 370-71 (9th Cir. 2019). If a challenge to the statute is not based on the First Amendment, the statute must first be examined as applied to the challenger. *Id.* at 375. "[A]s a general matter, a [plaintiff] who cannot sustain an as-applied vagueness challenge to a statute cannot be the one to make a facial vagueness challenge to the statute." *Id.*

8

Circuit courts have questioned whether foreign nationals have standing to bring a void-for-vagueness challenge to inadmissibility statutes. *See, e.g.*, *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 n.8 (9th Cir. 2003). It is also unclear whether a U.S. citizen has standing to bring a void-for-vagueness challenge to an inadmissibility statute. *See Muñoz v. U.S. Dep't of State*, 526 F. Supp. 3d 709, 724-25 (C.D. Cal. 2021) (discussing without deciding whether standing exists for a U.S. citizen to bring a void-for-vagueness claim on an inadmissibility statute). But even if a U.S. citizen has standing to bring a such a claim, it is unclear whether the vagueness challenge should be reviewed using *Mandel* review or some other standard of review. *Cf. Trump v. Hawaii*, 138 S. Ct. at 2419-20 (discussing applicability of *Mandel* and rational basis review in a constitutional challenge to an executive order regarding immigration).

Sintigo has not plausibly alleged that § 1182(a)(3)(A)(ii) is void for vagueness. ECF No. 43 at 7. Therefore, I dismiss that claim. However, I grant Sintigo leave to amend the void-for-vagueness claim only, if facts exist to do so. If Sintigo chooses to amend her complaint again, she must plausibly allege that she has standing to bring a void-for-vagueness challenge to this statute. She also must plausibly allege that the statute is void for vagueness as applied to her.

## III.    CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 44) is GRANTED.** Sintigo's claims based on substantive and procedural due process, equal protection, and the APA are dismissed with prejudice. Sintigo has withdrawn the separation of powers claim. I dismiss the void-for-vagueness claim without prejudice. If Sintigo chooses to

/ / / /

/ / / /

/ / / /

file a third amended complaint alleging that § 1182(a)(3)(A)(ii) is unconstitutionally vague, she must file it by December 17, 2021 or final judgment will be entered against her.

DATED this 17th day of November, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE